Dorothy Lee **ANDERSON**, on her own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

**CITY OF BELLE GLADE,** a municipal corporation, Vera Jones, Clerk of the City, Defendants.

No. 71–1164–Civ.

United States District Court,
S. D. Florida.

Aug. 28, 1971.

William J. Manikas, Florida Rural Legal Services, Inc., Belle Glade, Fla., for plaintiffs.

John E. Baker, Belle Glade, Fla., for defendants.

## ORDER

FULTON, Chief Judge.

This cause came before the Court upon plaintiff Dorothy Lee Anderson's motion for temporary restraining order and preliminary injunction.

Plaintiff Dorothy Lee Anderson is alleged to be a fully qualified candidate for the Belle Glade City Commission in all respects except that she is not a Belle Glade freeholder. She seeks to enjoin the enforcement of Sections 6–8 and 6–9 of the Charter of the City of Belle Glade, which provide, in part:

Section 6–8 *Qualification of Candidates*

Each candidate for the city commission shall be a qualified elector of the city and a freeholder owning real property in and residing within the borough from which he seeks office.

This action has been brought pursuant to 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. §§ 1343(3), 1343(4), and 2201. The plaintiff has brought this action on her own behalf and on behalf of others similarly situated.

The election for city commission positions will be held on September 14, 1971. Prospective candidates must present themselves to the City Clerk for qualification during the period of time which begins 60 days before the election and ends 20 days before the election. The last qualifying day is August 25, 1971. The plaintiff alleges that she has already presented herself to the City Clerk as a candidate, but that because she is

not a freeholder she was rejected by the defendant City Clerk.

## CLASS ACTION

■ In accord with Rule 23(a), the Court finds that the plaintiff has fulfilled all the prerequisites for a class action. The prosecution of separate actions by individual members of this class would create a risk of inconsistent or varying adjudications, and the Court finds that the plaintiff can "fairly and adequately" protect the interests of the class. This action, therefore, may be maintained as a class action. Rule 23(c).

In accord with Rule 23(c) (3), the class herein represented shall be all Belle Glade residents who are in all ways qualified to be candidates for the Belle Glade City Commission except that they are not freeholders or Belle Glade real property owners.

## PRELIMINARY INJUNCTION

■ The issue before the Court is whether the Belle Glade City Charter provisions which require a City Commission candidate to be a freeholder violate the Fourteenth Amendment's Equal Protection Clause. A requirement similar to that contained in the Belle Glade charter was presented to the Supreme Court in Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1969). In *Turner,* only Taliaferro County, Georgia, freeholders could become members of the County School Board. The Court held this prerequisite to school board membership invidiously discriminatory and violative of the Equal Protection Clause. [The plaintiffs] have a federal constitutional right to be considered for public service without the burden of invidiously discriminating disqualifications. The State may not deny to some the privilege of holding public office that it extends to others on the basis of distinctions that violate federal constitutional guarantees.

\* \* \* \* \* \*

[It] seems impossible to discern any interest the [freeholder] qualification can serve. It cannot be seriously urged that a citizen in all other respects qualified to sit on a school board must also own real property if he is to participate responsibly in educational decisions, without regard to whether he is a parent with children in the Local schools [or] a lessee who effectively pays the property taxes of his lessor as part of his rent . . ..

Nor does a lack of ownership of realty establish a lack of attachment to the community.

Similarly, freeholder prerequisites to the right to vote in certain local elections have been invalidated by the U.S. Supreme Court. Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970). Thereupon, it is

Ordered and adjudged as follows:

1. This action may be maintained as a class action; the class is hereby constituted as described herein.

2. Plaintiff's motion for preliminary injunction is hereby granted; enforcement of the freeholder requirements of Sections 6–8 and 6–9 of the Belle Glade City Charter are hereby preliminarily enjoined. The plaintiff and members of her class, if otherwise qualified as candidates for the Belle Glade City Commission, shall be entitled to run for these positions without regard to their real property holdings.