CHAPPELLE *v.* GREATER BATON ROUGE AIRPORT DISTRICT ET AL.

No. 76-352.  Argued April 25, 1977—Decided May 16, 1977

*Herschel C. Adcock* argued the cause and filed a brief for appellant.

*Joseph F. Keogh* argued the cause and filed a brief for appellees.

PER CURIAM.

The judgment is reversed.  *Turner* v. *Fouche,* 396 U. S. 346, 361–364 (1970).

MR. JUSTICE REHNQUIST, dissenting.

Appellant, E. C. Chappelle, Jr., wished to serve, upon appointment, as a commissioner on the Greater Baton Rouge Airport Commission.  He, however, was deemed not qualified since, at the time of his appointment, he owned no "property assessed in East Baton Rouge Parish," as required by Louisiana Act 151 of 1969.  The sole requirement is that he own property, whether real or personal, that is assessed in that parish.  We sit to judge the constitutionality, not the wisdom, of this restriction.  I am unable to agree that the Constitution, or prior cases from this Court, require today's declaration of unconstitutionality.

This Court has regularly sustained the imposition of city or county residency requirements on municipal employees. *McCarthy* v. *Philadelphia Civil Serv. Comm'n,* 424 U. S. 645 (1976); *Detroit Police Officers Assn.* v. *Detroit,* 405 U. S. 950 (1972); see also *Bute* v. *Quinn,* 535 F. 2d 1285 (CA7), cert.

denied, 429 U. S. 1027 (1976). It is dubious at best whether the requirement that a public officeholder own *any* assessable property within a parish is any more burdensome, or any less rational, than a requirement that he and his family *live* in that parish.

This Court has also sustained durational residency requirements of five and seven years for candidates for the office of state governor and senator, *Kanapaux* v. *Ellisor,* 419 U. S. 891 (1974); *Sununu* v. *Stark,* 420 U. S. 958 (1975). If a State can impose a five-year residency requirement on its candidates for its highest political office, it should be able to impose a minimal locational property requirement on persons seeking office in this airport district.

The Louisiana Court of Appeal concluded:

> "In enacting Act 151 of 1969, the legislature sought to insure that the members of the commission would have a substantial interest in performing their duties effectively and conscientiously. The legislature could have concluded reasonably that property owners of East Baton Rouge Parish would have that interest." App. 22–23.

Surely it was as reasonable to conclude so in this case as it is in situations involving residency, or durational residency, requirements. Since I believe today's opinion is inconsistent with these cases, and since, in light of these later cases, I would not extend *Turner* v. *Fouche,* 396 U. S. 346, 361–364 (1970), I respectfully dissent.