566 P.2d 763

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Brian KINCAID, Defendant-Appellant.**

**No. 12409.**

Supreme Court of Idaho.

July 5, 1977.

Allen V. Bowles, Moscow, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Appellant was arrested in his home and charged with possession of marijuana as defined by I.C. § 37–2701(n)[1] and I.C. § 37–2705(d)(10),[2] in violation of I.C. § 37–2732(c)(2).[3] The arresting officers had entered the home with an arrest warrant for appellant's roommate and discovered the marijuana. Appellant moved to dismiss the charge against him, challenging the constitutionality of I.C. § 37–2732(c)(2). The district court, relying on *State v. O'Bryan*, 96 Idaho 548, 531 P.2d 1193 (1975), determined that the possession of marijuana is not a fundamental right and that appellant thus had the burden of showing that the proscriptions of the challenged statute are unrelated to the purposes of the act. The court ruled that appellant had not met this burden, with which determination appellant agreed, and denied appellant's motion. Appellant then pled guilty to the charge. He now appeals from the denial of the motion and from the judgment of conviction. He restricts his appeal to the issue of whether he has a constitutional right of privacy which protects his private possession of small quantities of marijuana in his own home.[4]

A valid guilty plea may effect a waiver of certain defenses. See *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Still v. State*, 97 Idaho 375, 544 P.2d 1145 (1976). But here the state states that it proceeds on the assumption that the appellant properly preserved the issues which he raises by his

---

1. "37–2701. Definitions.—As used in this act:

   \* \* \* \* \* \*

   (n) 'Marijuana' means all parts of the plant of the genus Cannabis, regardless of species, and whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. It does not include the mature stalks of the plant unless the same are intermixed with prohibited parts thereof, fiber produced from the stalks, oil or cake made from the seeds or the achene of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom or where the same are intermixed with prohibited parts of such plant), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination. Evidence that any plant material or the resin or any derivative thereof, regardless of form, contains any of the chemical substances classified as tetrahydrocannibinols shall create a presumption that such material is 'marijuana' as defined and prohibited herein.

   \* \* \* \* "

2. "37–2705. Schedule I.—\* \* \* (d) Any material, compound, mixture or preparation which contains any quantity of the following hallucinogenic substances, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers, and salts of isomers is possible within the specific chemical designation:

   \* \* \* \* \* \*

   (10) Marijuana;
   \* \* \*"

3. "37–2732. Prohibited acts A—Penalties.—

   \* \* \* \* \* \*

   (c) It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act.

   (1) \* \* \*.

   (2) Any person who violates this subsection and has in his possession a controlled substance which is a nonnarcotic drug classified in schedule I or a controlled substance classified in schedules III, IV and V is guilty of a misdemeanor and upon conviction thereof may be imprisoned for not more than one (1) year, or fined not more than one thousand dollars ($1,000), or both.
   \* \* \*"

4. Appellant does not assign as error the harshness of his sentence, although the issue was raised by the amicus curiae.

motion to dismiss. Therefore, this court will consider the district court's ruling that I.C. § 37–2732(c)(2) is constitutional, and the appellant may properly appeal from the court's ruling.

Appellant maintains that by regulating the possession of marijuana in his own home, I.C. § 37–2732(c)(2) abridges his right of privacy as implicitly guaranteed by both the Idaho and the United States constitutions. Appellant argues that there is a fundamental right of privacy in the home which places upon the state the burden of showing a compelling interest in regulating his possession of marijuana in the home. Appellant does not contend that the right of privacy protects his right to possess marijuana outside of his own home.

Appellant fails to cite any authority establishing a fundamental right of privacy in the home which is independent of a conjunctive first amendment or other constitutional protection. Therefore, since possession of marijuana is not a fundamental right (*State v. O'Bryan, supra*) and has not been found to be made so by being confined to the home, the district court properly placed the burden on appellant of showing that the proscriptions of I.C. § 37–2732(c)(2) are clearly unrelated to the purpose of the statute. See *State v. O'Bryan, supra*. The district court found, and the appellant agreed, that he had failed to meet this burden. We agree. Appellant presented no evidence to show a lack of a rational relation between the proscriptions and purposes of the challenged statute.

In addition, appellant seeks to rely on *Ravin v. State*, 537 P.2d 494 (Alaska 1975), wherein the Alaska Supreme Court held that the right of privacy protects the possession and use by adults of marijuana in the home. The Alaska court, however, based its decision on a specific right of privacy provision enumerated in that state's constitution. No similar provision exists in either the United States Constitution or the Idaho Constitution and the holding in *Ravin* is therefore not persuasive here.

SHEPARD, BAKES and BISTLINE, JJ., and SCOGGIN, District Judge (Ret.), and DUNLAP, District Judge (Ret.), participated.