570 P.2d 866

The STATE of Idaho, Plaintiff and Respondent,

v.

Lee SISTRUNK and Larry Price, Defendants,

and

Ernest Cottrell, aka Ernest Cottress, Defendant and Appellant.

No. 12075.

Supreme Court of Idaho.

Oct. 27, 1977.

Charles F. McDevitt, Public Defender, William J. Pauzauskie, Boise, for defendant and appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff and respondent.

## PER CURIAM:

Defendant-appellant Ernest Cottress (also known as Cottrell) was charged with burglary in the first degree, petit larceny and battery. The State's case was that Price burglarized the safe at Albertson's on Fairview Avenue in Boise and that his accomplices, Sistrunk and Cottress, came to his defense in fighting off an employee who intervened to prevent Price from making away with the money. Sistrunk and Cottress portrayed themselves as innocent bystanders who saw a stranger beating up their friend Price. Price entered a plea of guilty to the petit larceny charge just as the case against all three went to trial. Sistrunk and Price were tried on the charges of being accomplices in the acts of burglary and larceny.

Price's attorney, over objection by the State, elicited from Sistrunk the fact that Price had pleaded guilty to the larceny charge. He used that fact to argue to the jury that it was "unfair" of the State to pursue the burglary charge when Price had already admitted the full extent of his involvement, i. e., the petit larceny misdemeanor.

Cottress' attorney, in turn, used the fact of Price's guilty plea to argue to the jury that Price alone was guilty and that Cottress was an innocent bystander.

In closing remarks to the jury, the prosecution's rebuttal to the defense arguments went as follows:

"It's a mere legal maneuver, mere tactical maneuver on the counsel's part in hopes that perhaps of getting him off on a misdemeanor and he won't be convicted of the felony. . . . I submit to you, ladies and gentlemen, it's a mere sympathy pitch to avoid prosecution for which each one of these three defendants wishes to avoid, and that's the possible penitentiary sentence on the felony."

Counsel for Cottress immediately objected to this latter remark and moved for a mistrial. Judge Durtschi sustained the objection but denied the motion for mistrial. The jury found Cottress guilty of burglary in the second degree, petit larceny and battery. Judgment of conviction was entered on September 11, 1975.

The sole question on appeal is whether the prosecutor's reference to a possible penitentiary sentence warranted a mistrial and whether the trial court should have, on its own motion, admonished the jury to disregard the State's remarks in closing concerning the possibility of a penitentiary sentence.

Cottress maintains that such remarks violated the high standards announced both by Idaho case law and the Canons of Ethics. His contention is that such went beyond the issue of innocence or guilt, and that the statements were calculated to inflame the passions and prejudices of a jury. Because in Idaho it is the trial judge and not the jury who sentences, Cottress argues that the possible penitentiary punishment could not properly be considered by the jury, and hence was improperly raised by the prosecutor during his closing argument to the jury. We are not persuaded.

Counsel for both sides have traditionally been afforded considerable latitude in their arguments to jury and have the right to discuss fully, from their respective standpoints, the evidence and the inferences and deductions arising therefrom. *State v. Gilbert*, 65 Idaho 210, 142 P.2d 584 (1943); *State v. Valdez*, 30 Utah 2d 54, 513 P.2d 422 (1973). A motion for mistrial based upon allegedly improper comments during closing argument is directed to the sound discretion

of the trial court and where there is no abuse of discretion there will be no reversal solely on that ground. *State v. Reim*, 26 Ariz.App. 528, 549 P.2d 1046 (1976); *Oldham v. State*, 534 P.2d 107 (Wyo.1975).

■ Here we find no abuse of that discretion. In an age when jurors sitting in capital crime cases are routinely quizzed at length on voir dire regarding their attitudes toward the death penalty, it is hard to see how the single mention of a possible penitentiary sentence attendant to a felony conviction would be such as to inflame a jury's passions or prejudices. It is highly unlikely that the jurors were ignorant of the matter and, to the extent that they were, it is generally considered a *defense* tactic to make them aware of such information. Furthermore, it was one of the defendants themselves who had interjected the issue of Price's guilty plea into the case, thereby inviting responsive comment by the prosecuting attorney:

> "Remarks of a prosecuting attorney, even if improper, are not grounds for reversal if invited or occasioned by opposing counsel unless the prosecutor's remarks go beyond a pertinent reply or are necessarily prejudicial." *State v. Jaramillo*, 110 Ariz. 481, 520 P.2d 1105, 1107 (1974).

The remarks of the prosecutor were within the traditionally broad scope accorded counsel in closing argument and in dealing with arguments raised by defense counsel. Nothing in the challenged remarks constituted error, much less warranted the granting of a mistrial. It necessarily follows that the trial court did not err in failing to instruct the jury to disregard the prosecutor's closing remarks.

Judgment affirmed.