EDWARDS, Judge.
This suit is on remand from the United States Supreme Court. Chappelle v. Greater Baton Rouge Airport District, 431 U.S. 159, 97 S.Ct. 2162, 52 L.Ed.2d 223. When the matter was before us previously, we affirmed the judgment of the district court. Chappelle v. Greater Baton Rouge Airport District, 329 So.2d 810 (La.App. 1st Cir. 1976), writ denied 332 So.2d 821 (La.1976).
In its per curiam of May 16, 1977, the United States Supreme Court stated: “The judgment is reversed. Turner v. Fouche, 396 U.S. 346, 361-364, 90 S.Ct. 532, 24 L.Ed.2d 567.” In a separate order the cause was remanded to us for further proceedings not inconsistent with the Court’s opinion in the Turner case.
For convenience and by way of background information, we note that on May 13, 1974, Chappelle resigned as Director of the Greater Baton Rouge Airport District and was appointed to the Commission to fill an unexpired term. Subsequently, the Parish Clerk declared Chappelle’s position on the Commission vacant. The basis for this action was the legal opinion of the Parish Attorney stating that appellant was not qualified to serve as a member of the Commission because at the time of his appointment he owned no property assessed in East Baton Rouge Parish.
Act 151 of 1969 provides for the creation of a “Board of Commissioners” composed of nine members to be appointed by the Parish Council of the Parish of East Baton Rouge, which Board is charged with the responsibility of conducting the affairs of the Airport District as its governing authority. With respect to the composition of the Board, the Act (Sec. 3) in pertinent part provides:
“Such appointees shall be qualified electors in and owning property assessed in East Baton Rouge Parish . . . ”
For reasons stated in our origirift.1 opinion, we found the classification of the Georgia statute which was stricken with unconstitutionality in Turner to be dissimilar to the assessment requirement of Act 151 of 1969 and held the legislative scheme employed under the latter to be constitutional. The United States Supreme Court decreed otherwise.
Accordingly, the question of the constitutionality of Act 151 of 1969 insofar as the same pertains to the ownership of assessed property as a requisite to membership on the Board of Commissioners for the Greater Baton Rouge Airport District is resolved. We, in compliance with the order of remand, declare the property requirement of the subject act to be unconstitutional. Turner v. Fouche, above.
The sole question, therefore, before us now is to what relief is E. C. Chappelle entitled.
Counsel for the Airport Commission contends that the only appropriate and proper proceeding under which Chappelle can enforce his right to a seat on the Commission is in a quo warranto proceeding (C.C.P. Arts. 3901 and 3902).
Counsel for Chappelle submits that he is entitled to a mandatory injunction requiring his reappointment to the ousted position *826 on the basis of the “first available position” theory. Cited as authority is the case of Smith v. Board of Education of Morrilton School District No. 32, 365 F.2d 770 (8 Cir. 1966).
In our opinion, C.C.P. Arts. 3901 and 3902 are not applicable because Chappelle is not seeking to oust an incumbent Commissioner.
Our research fails to disclose any Louisiana appellate decision involving a factual situation similar to that here presented or a consideration of the equitable doctrine of “first available position.”
The Smith case and those authorities therein cited deal with plaintiffs who have been displaced from occupational positions. To that extent they are distinguishable from the instant controversy. However, it seems only fair and reasonable that when an officer has been ousted from an appointed Board, albeit unsalaried, for unconstitutional reasons, he should have somé relief. In our opinion that relief should be reappointment at a time when it will not displace a person serving under a valid appointment.
There is also a dispute concerning court costs incurred by Chappelle, including the sum of $483.78 relating to costs incurred by him in the United States Supreme Court. Chappelle contends that he is entitled to obtain judgment for all costs incurred in both state and federal courts. The waiver of governmental immunity under La.Const. of 1974, Art. XII, Sec. 10(A), has not had the effect of repealing R.S. 13:4521. Segura v. Louisiana Architects Selection Bd., 353 So.2d 330 (La.App. 1st Cir. 1977), writ granted February 13, 1978. However, he is entitled to recover court costs incurred in the federal court. Humble Pipe Line Co. v. Waggonner, 165 So.2d 316 (La.App. 2d Cir. 1964).
Chappelle also asks that we remand this matter so that he can prove other financial losses and/or damages. This we decline to do. He did not allege monetary losses nor pray for the same in any of his previous pleadings. Further, we do not find that the authorities cited by him are applicable. We therefore specifically exclude this request in our order of remand.
Accordingly, for the above reasons, this matter is remanded to the district court for (1) the purpose of issuing the appropriate injunction directed to the members of the Parish Council of the Parish of East Baton Rouge ordering and directing them to appoint E. C. Chappelle, Jr. to the first available position on the Board of Commissioners of the Greater Baton Rouge Airport District, and (2) for the assessment of court costs consistent with the views hereinabove expressed.
REVERSED AND REMANDED.