612 P.2d 550

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Frank Joseph CIANELLI, Defendant-Appellant.**

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Raymond Charles JEFF, Defendant-Appellant.**

**Nos. 12927, 13051.**

Supreme Court of Idaho.

June 10, 1980.

Greg J. Fuller, Jones & Fuller, Jerome, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM:**

Appellants bring these consolidated appeals from their respective judgments of conviction for delivery of cocaine. The sole issue is the constitutionality of the legislature's classification of cocaine as a Schedule II controlled substance. I.C. §§ 37–2701(*o* )(4) and –2707(b)(4). In particular, defendants maintain that the legislature's classification of cocaine as a narcotic for regulatory and penalty purposes is in conflict with constitutional principles of due process, equal protection, and cruel and unusual punishment. Defendants cite Illinois and Michigan cases, *e. g., People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407 (1971); *People v. Sinclair*, 387 Mich. 91, 194 N.W.2d 878 (1972), in which the courts of those states

---

**314**

invalidated legislation regulating marijuana use. Those courts apparently felt that their state legislatures overreacted to the marijuana problem. We are not inclined to similarly curtail the Idaho legislature's ability to deal with the societal evils which it feels are presented by illicit use of cocaine.

■ At the outset, we reject defendants' contention that the possession of cocaine is a fundamental right. *See State v. Kincaid,* 98 Idaho 440, 566 P.2d 763 (1977). The legislation in question is therefore subject only to that limited judicial scrutiny characteristic of the familiar "rational relationship" test. *See Jones v. State Board of Medicine,* 97 Idaho 859, 866, 555 P.2d 399, 406 (1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 52 L.Ed.2d 223 (1977).

■ Other state and federal courts have held that classifying cocaine as a narcotic for penal purposes bears a rational relationship to legitimate legislative goals. *United States v. Hobbs,* 392 F.Supp. 444 (D.Mass. 1975); *State v. Erickson,* 574 P.2d 1 (Alaska 1978); *Cardwell v. State,* 575 S.W.2d 682 (Ark.1979); *People v. Billi,* 90 Misc.2d 568, 395 N.Y.S.2d 353 (Sup.1977); *State v. Stitt,* 24 Wash.App. 260, 600 P.2d 671 (1979). Accordingly, we hold that the classification of cocaine as a Schedule II controlled substance in I.C. §§ 37–2701(*o*)(4) and –2707(b)(4) is constitutional.

Affirmed.

BISTLINE, Justice, dissenting.

Prefatorily I must admit a *personal* prejudice against the unlawful use of all drugs and the lawful use of tobacco, as well. Having had no exposure to cocaine, I know nothing about it, and, *personally,* am willing to assume that its unprescribed use is bad, as the legislature apparently feels to be the case. The fact remains, however, that I do *not* know. Today we are handed an appellant's brief which seeks to assure us that cocaine is not inherently a harmful drug, and is not entitled to the classification which the legislature has given it, by reason of which the appellant should not be facing ten years in the penitentiary.

The Michigan Supreme Court, in *People v. Sinclair,* 387 Mich. 91, 194 N.W.2d 878, 881 (1972), felt constrained to determine "whether this Court has the power to determine the actual state of facts concerning marijuana and other drugs," holding that its power cannot be doubted. The Illinois Supreme Court, faced with the same problem, noted that "[a]ppropriate respect should be given to the fact of a legislative classification, but *there is a judicial obligation* to insure that the power to classify has not been exercised arbitrarily and, if it has been, the legislation cannot be justified under the label of 'classification.'" *People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407, 409 (1971) (emphasis added).

"It is our duty to assess the constitutional validity of legislative classifications in the light of scientific knowledge *presently available.* . . . This is particularly so in cases such as this. Legislation based upon the police power, even if legitimate when enacted, may become invalid when later knowledge and experience show it has become arbitrary." *People v. Summit,* 183 Colo. 421, 517 P.2d 850, 855 (1974) (Lee, J., dissenting) (citations omitted).

As the foregoing cases show, the question of drug classification may become a court problem. The Court's holding forecloses any reason for discussing the merits of this issue, and I write only to point out that the defendants have presented a record with unrefuted expert testimony that cocaine has been improperly classified by the legislature. I believe it extremely naive for the Court to rely on the legislature to re-examine the classification made. Where a person's liberty is at stake, it should become, as has been held in other states, the obligation of this Court to consider whether the record sustains the well-presented challenge that the legislature acted arbitrarily.