664 P.2d 277

STATE of Idaho, Plaintiff-Respondent,

v.

Dennis L. McNEELY, Steven H. Stanley, Scott A. McClurkin, Tina Fay Epperly, Defendants,

and

Ivan F. Dudley, Defendant-Appellant.

No. 13755.

Court of Appeals of Idaho.

May 31, 1983.

Michael E. Donnelly, Skinner, Donnelly, Fawcett & Mauk, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Following verdicts of guilty, judgments of conviction were entered against Ivan Dudley for the offenses of conspiracy to deliver cocaine, I.C. § 37–2732(f), and for delivery of cocaine, I.C. § 37–2732(a). The jury also rendered a third verdict, finding Dudley guilty of "possession of a controlled substance," upon which no judgment of conviction was entered in the district court.

Dudley appeals, raising five issues. He contends, first, that the district court should have dismissed the charges against him because of the alleged unconstitutionality of the Idaho Legislature's classification of cocaine as a narcotic drug. Second, he urges that he was denied due process by the tardiness of the state in filing the Information in district court, following his preliminary hearing. Next, he asserts denial of effective assistance of counsel by failure of his attorney to object to the late filing of the Information. Fourth, he submits that the court erred by granting a motion in limine requested by the state, which precluded defense counsel from arguing to the jury that certain evidence, which had been suppressed prior to trial, did not exist. Finally, he maintains that the jury improperly "convicted" him of an additional offense, possession of a controlled substance, with which he had not been separately charged.

We affirm the judgments of conviction. The procedural facts relative to each issue will be discussed in the respective parts of this opinion.

## I. MOTION TO DISMISS—CLASSIFICATION OF COCAINE AS A NARCOTIC

Dudley first contends that the trial court erred in denying his motion to dismiss the Information. The motion challenged the constitutionality of classifying cocaine

as a "narcotic drug." I.C. §§ 37–2701(o)(4) and 37–2707(b)(4). Subsequent to the trial court's ruling in this case, the Idaho Supreme Court, in State v. Cianelli, 101 Idaho 313, 612 P.2d 550 (1980), upheld the constitutionality of that classification, against the same attacks which Dudley made below. Nothing in the record of this case raises an issue beyond Cianelli; that case therefore controls.

Dudley urges the adoption of a contrary rule announced by the Illinois Appellate Court, Fourth District, in People v. McCarty, 93 Ill.App.3d 898, 49 Ill.Dec. 382, 418 N.E.2d 26 (Ill.App.1981). We note however, that after Dudley filed his brief in this appeal, the decision of the Illinois Appellate Court in McCarty was reversed by the Supreme Court of Illinois. See People v. McCarty, 86 Ill.2d 247, 56 Ill.Dec. 67, 427 N.E.2d 147 (Ill.1981). The final decision in McCarty is consistent with Cianelli. Because Cianelli controls, we hold that the trial court did not err in denying Dudley's motion to dismiss.

## II. LACK OF COMPLIANCE WITH RULES OF PROCEDURE

Dudley next contends that he was denied due process as a result of delay by a magistrate in holding him to answer the charges in district court and by the prosecutor's delay in filing the Information. Following a preliminary examination, a magistrate entered an order on September 6, 1979, finding that the state had shown probable cause to bind Dudley over to district court. The order also "requested" the prosecutor to prepare the necessary commitment. No action was taken by the prosecutor to comply with the magistrate's order until October 2, 1979, when a form of commitment, prepared by the prosecutor, was signed by the magistrate. That commitment form again recited the finding of probable cause and ordered that Dudley be held to answer in the district court. The Information was then filed on October 4, 1979.

Dudley points to the applicable rule which required that once the magistrate

had made a probable cause finding against an accused, the "magistrate must forthwith hold him to answer in the district court." See Rules of Criminal Practice and Procedure 5.1(a), rescinded effective July 1, 1980; and I.C.R. 5.1(b), effective July 1, 1980. He also cites the rule which required the filing of an Information within ten days after an order is filed by the magistrate holding the defendant to answer in the district court. See Idaho Rules of Criminal Practice and Procedure 7(e), rescinded effective July 1, 1980; and I.C.R. 7(f), effective July 1, 1980 (providing that the Information now must be filed within fourteen days). He complains that he was not "forthwith" held to answer, once the finding of probable cause was made on September 6, and that the prosecutor failed to file the Information in district court within ten days.

Under Rule 48, Idaho Rule of Criminal Practice and Procedure (rescinded effective July 1, 1980), the district court could have dismissed the Information against him, upon two grounds. First, the Information was not filed within the time period prescribed by Rule 7; second, Rule 48 authorized dismissal for any other reason which the court concluded would "serve the ends of justice and the effective administration of the court's business." Rule 48 did not mandate a dismissal; rather, it employed the term "may" and vested in the district court a discretionary power to dismiss.

■ Here Dudley did not move the district court to dismiss for lack of compliance with either former Rule 7 or Rule 5.1(a). Under Rules 12(b)(2) and 12(f), Idaho Rules of Criminal Practice and Procedure (rescinded effective July 1, 1980), defenses and objections which were based on defects in the Information (other than failure to show jurisdiction of the court or to charge an offense) were required to be raised prior to trial. Failure to raise such defenses or objections constituted a waiver of those defenses or objections. In State v. Morris, 97 Idaho 273, 543 P.2d 498 (1975), a defendant was arraigned on an Information filed more than ten days after he was held to answer. He failed to object to "this procedural irregularity" and pleaded guilty. Our Supreme Court held that the objection had been waived under Rule 12. In the present case, we similarly conclude that, by failing to object to the delay in the filing of the Information prior to trial, Dudley waived the objection.

### III. EFFECTIVE ASSISTANCE OF COUNSEL

■ Conceding that his trial counsel (who is not counsel in this appeal) failed to object to noncompliance with Rules 7(e) and 5.1(a), Dudley argues in the alternative that he was denied effective assistance of counsel. To be successful on this issue, it is incumbent upon Dudley to show prejudice resulting from the activity, or inactivity, of his trial counsel. Kraft v. State, 100 Idaho 671, 603 P.2d 1005 (1979); Drapeau v. State, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982); Flores v. State, 104 Idaho 191, 657 P.2d 488 (Ct.App.1983). No such showing has been made. Had a timely motion to dismiss been made, and even if it had been granted, the felony charges could have been refiled under Rule 48. Accordingly, we hold that Dudley was not denied the effective assistance of counsel.

### IV. MOTION IN LIMINE

Prior to trial, the district court granted a motion to suppress certain evidence—some marked currency and some cocaine—seized during an alleged illegal search of Dudley's residence. During trial, the court granted a motion in limine, made by the prosecutor at the close of the state's case-in-chief, to prevent Dudley's counsel from arguing to the jury that the state had not produced any drugs or marked money found in Dudley's possession. Dudley contends that this was error because it barred him from the "affirmative use of the absence of the evidence (by virtue of its suppression) to imply the innocence or non-involvement of the defendant in the charged conduct."

While the trial court agreed that it was ordinarily proper to argue a "lack of evidence," the court expressed concern over any intimation that there was a "lack of evidence because the state did not have the

evidence." The court concluded that such an intimation would be a misrepresentation of known facts. The court characterized it as "in essence representing facts that the record establishes under oath, even if not before the jury, aren't true, I think that it's at that point a misrepresentation." The court then granted the motion in limine, cautioning that if defense counsel stepped over the bounds by "representing facts that aren't facts," the court would consider it a waiver of the suppression order and would accord the state the right to move to reopen its case and explain why the evidence had not been presented.

While no legal authority was cited by the trial judge in support of his ruling, we conclude he was correct. In Idaho, counsel for both sides traditionally have been afforded considerable latitude in their arguments to the jury. They have the right to discuss fully, from their respective standpoints, the evidence and the inferences and deductions arising therefrom. *State v. Sistrunk*, 98 Idaho 629, 630, 570 P.2d 866, 867 (1977). An exception to this rule, however, exists in respect to reference in closing arguments to excluded or inadmissible evidence.

> It has been recognized that it is improper for counsel to make reference during argument to evidence to which an objection was sustained, to evidence stricken from the record, or to evidence which otherwise was excluded. The same is true concerning ... totally inadmissible evidence.

Jacob A. Stein, Closing Argument, § 16 p. 26 (1978). Stein's observation finds support in the American Bar Association Standards, The Defense Function § 7.8(a) (1971). That Standard provides:

> In closing argument to the jury the lawyer may argue all reasonable inferences from the evidence in the record. It is unprofessional conduct for a lawyer intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.

The commentary to this Standard explains:

> Because of the general unavailability of government appeals, courts rarely have

occasion to pass directly on the question of the limits of propriety of argument to the jury by defense counsel. The issue has been raised indirectly, however, in many cases in which the propriety of the prosecutor's summation has been questioned, where some courts have held that statements made by the prosecutor that would otherwise be improper would not lead to reversal because the statements were fairly responsive to impermissible arguments or questions of defense counsel. It should be accepted that both prosecutor and defense counsel are subject to the same general limitations in the scope of their argument.

Defense counsel is no more entitled than the prosecutor to assert as fact that which has not been introduced in evidence. The rules of evidence cannot be subverted by putting to the jury, in argument or opening statements, matters not in the record... On the other hand, attorneys are entitled to reasonable latitude in arguing inferences from the evidence.

There are often circumstances in which counsel may be entitled to argue to the jury that they should draw an inference adverse to the prosecution as the result of its failure to bring forth some particular item of evidence or to call as a witness someone who has a special relation to the facts of the case. But it is a form of misrepresentation, and therefore improper, for counsel to argue such an inference when counsel knows that the evidence was not presented because it had been excluded by the court or is inadmissible. A lawyer who has successfully urged the court to exclude evidence should not be allowed to point to the absence of that evidence to create an inference that it does not exist.

For an illustration of the rule precluding defense counsel from arguing the lack of evidence which was not produced because of the defendant's successful objection to the admission of the evidence, *see Rizzo v. United States*, 304 F.2d 810 (8th Cir.1962).

Consistent with the foregoing authorities, we hold that it was proper for the trial court to limit Dudley's counsel from arguing, or inviting the jury to infer, that the excluded evidence did not exist. We emphasize that it would not be proper to prohibit counsel from arguing the general *insufficiency* of the evidence in the record to prove a defendant's guilt; however the record here does not indicate that the trial court so limited counsel. We therefore hold that the trial court did not err in granting the motion in limine.

## V. VERDICT ON UNCHARGED OFFENSE

Finally, Dudley asks that we reverse his convictions because the jury also returned a verdict finding him guilty of possession of a controlled substance—an offense of which he contends was never separately charged. Dudley argues that the possession verdict was erroneous and should have been corrected by resubmission to the jury or by some other "clear act" in the record.

Our review of the record persuades us that no reversible error occurred. When the verdicts were returned, the trial judge commented:

> As one preliminary matter, or one matter I will note, I had the clerk read the total verdicts the jury came in with, the lesser-includeds [sic], and I had her read them since the jury had come in; however, there would not be sentencing on each of those. It would just be the greater offense that would be considered....

In response to an inquiry by defense counsel concerning the possession verdict, the court stated that the possession finding was "irrelevant in view of the finding of guilt on the greater offense." Counsel expressed no dissatisfaction to this response, on the record.

Polling of the jury was waived by counsel, and the record shows that no motions or objections were made to the procedure whereby the court expressed its intent, and its reasons, to disregard the possession verdict. The record further shows that judgments of conviction were in fact entered by the trial court only on the conspiracy and delivery charges. On this appeal, Dudley has not questioned the sufficiency of the evidence to support the verdicts and judgments on the conspiracy and delivery charges. Rather, his issues in regard to those charges have been directed simply towards procedural matters. There has been no showing of prejudice arising from the return of the possession verdict. Because there is no showing of prejudice and no attack is made on the sufficiency of the evidence to support the judgments entered, we hold that no reversible error occurred.

The judgments of conviction on the charges of conspiracy to deliver, and of delivering a controlled substance, are affirmed.

SWANSTROM and BURNETT, JJ., concur.