768 P.2d 829

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark A. PRINTZ, Defendant–Appellant.**

No. 17236.

Court of Appeals of Idaho.

Feb. 3, 1989.

Frederick C. Loats of Coeur d'Alene for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

A jury found Mark Printz guilty of delivery of a controlled substance, cocaine. Printz has appealed from the judgment of conviction. The issues are whether the district court committed reversible error in sustaining an objection to defense counsel's closing argument and whether the court erred in denying Printz' motion for judgment of acquittal. We affirm.

## CLOSING ARGUMENT

Prior to trial, the district court granted in part Printz' motion to suppress evidence seized during a search of his home and shop building. The suppressed evidence consisted of marked currency and paraphernalia associated with weighing and packaging cocaine. The state then filed a motion in limine to prevent Printz' counsel from arguing to the jury that the state had not produced any physical evidence showing Printz possessed or delivered cocaine. The court granted the state's motion.

During closing argument Printz' counsel challenged the credibility of the state's main witness—the informant who had purchased cocaine from Printz. Counsel then remarked:

> Do you think a guy like that is going to have any trouble lying to you people, lying to the State? That's what the State's case is. You have got to accept

[the informant's] testimony because the State offers no corroboration of that testimony, nothing.

The state's immediate objection was sustained and counsel continued with his argument. Printz now complains that in sustaining the objection the trial court improperly applied its earlier ruling and unfairly prejudiced Printz, creating reversible error.

The applicable authority is *State v. McNeely*, 104 Idaho 849, 664 P.2d 277 (Ct. App.1983). In *McNeely*, we held that it was proper for the trial court to prohibit defense counsel from arguing to the jury, or inviting the jury to infer, that excluded evidence did not exist. We noted that it was a form of misrepresentation, and therefore improper, for a lawyer who has successfully urged the trial court to exclude evidence to point to the absence of that evidence in order to create an inference that the evidence was nonexistent. *See* American Bar Association Standards, The Defense Function § 7.8(a) (1971), *quoted in State v. McNeely, supra*. However, we emphasized in *McNeely*, and we caution here, that it is not proper to prohibit counsel from arguing the general insufficiency of the evidence.

In his comment quoted above, defense counsel drew the jury's attention to the state's failure to produce at trial evidence corroborating the informant's testimony. The evidence—the marked currency and the scales Printz used—in fact existed but had been suppressed. Counsel's remark was not a general argument of insufficiency of the evidence, but was a direct challenge to the absence of corroborating physical evidence. Consequently we hold that the district court did not err in sustaining an objection to the improper argument.

### JUDGMENT OF ACQUITTAL

■ Under I.C.R. 29(a), a judgment of acquittal shall be entered if the evidence is insufficient to sustain a conviction of the offense charged. Review of a denial of a motion for judgment of acquittal requires the appellate court to independently consider the evidence in the record and determine whether a reasonable mind would conclude that the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Erwin*, 98 Idaho 736, 572 P.2d 170 (1977). In making this determination, all reasonable inferences are taken in favor of the state. *State v. O'Campo*, 103 Idaho 62, 644 P.2d 985 (Ct.App.1982).

■ In particular Printz contends the evidence does not support an inference or finding that he knew he was selling cocaine and the evidence of the transaction with the informant does not support an inference or finding that delivery of a controlled substance occurred. From our review of the record the evidence shows the following. State investigators searched the informant, wired him with a microphone and gave him $300 in marked currency. Followed by the investigators, the informant then went to the home of an intermediary who directed the informant to Printz' home. The informant met Printz in Printz' shop building and discussed a purchase. The informant could not recall using the word "cocaine" in discussions with Printz. The informant watched Printz measure a white powdery substance on the scale and then wrap the measured portion in a page from a magazine. The informant gave Printz $300. The informant left Printz' place and the state investigators searched him again and recovered the wrapped substance which was later identified as cocaine. The magazine page containing the cocaine, referred to as a "bindle," was marked as an exhibit. It was handed to and examined by one of the investigators during his testimony before the jury. In the jury's presence, the investigator identified the "bindle" as the one containing a white powder, which was received from the informant. Although (for reasons undisclosed in the record) the prosecutor did not move for admission of that exhibit into evidence, the cocaine taken from the "bindle" was admitted as an exhibit. During a search of Printz' home officers seized a tally sheet or transaction record. State investigators testified that in the local area the going price for an amount of cocaine similar to that which the informant ob-

tained was $300 to $350. The investigators further testified that the measuring and packaging process used by Printz was customarily used in the delivery of cocaine, and the transaction record found in Printz' home was a typical record used in the delivery of controlled substances. Construing this evidence most favorably to the state, a reasonable mind would conclude that Printz was guilty of delivery of cocaine. Consequently, the district court did not err in denying the motion for judgment of acquittal.

The judgment of conviction is affirmed.

WALTERS, C.J., concurs.

BURNETT, Judge, specially concurring.

Although I join in the result announced by today's opinion, I do not fully agree with the Court's analysis of the closing argument issue. In my view, defense counsel's fleeting and unadorned reference to a lack of "corroboration" did not violate the ethical rule underlying our decision in *State v. McNeely*, 104 Idaho 849, 664 P.2d 277 (Ct.App.1983). Defense counsel did not argue falsely with respect to excluded evidence. He did not refer to any such evidence; neither did he state, or invite an inference, that any particular evidence did not exist. By holding that *McNeely* is triggered by a reference to lack of "corroboration," my colleagues have given *McNeely* an unduly broad and mechanistic application.

Nevertheless, I would deem harmless the trial court's apparent error in sustaining the objection to defense counsel's argument. The objection, and the ruling upon the objection, were couched in such terse and innocuous language that any resultant prejudice must have been minimal. For that reason, I concur in the Court's conclusion, if not in its analysis.