Dear Mr. Morgan:
You advise this office that a member of the Board of Commissioners of the Caddo Parish Fire Protection District #6 is a tenant occupant of a house within the district, but does not own any property within the district. You question whether he retains the qualifications of office as he is not a "resident property taxpayer of the district" as required by R.S. 40:1496(D).
In Attorney General Opinion 89-173 this office reviewed R.S. 40:1496(D) and concluded that a member of the board of commissioners must be a resident homeowner within the fire protection district, whether or not he actually pays ad valorem taxes on his home. "A taxpayer is one who either pays taxes or is liable for a tax. . . . as are all homeowners. A citizen who reduces his or her federal income tax liability to zero by means of lawful exemptions and deductions is nonetheless a federal taxpayer." See Opinion 89-173.
Our opinion remains that a member must own property within the district. Because your member does not, he fails to meet the qualifications of office. A vacancy must be declared by the parish governing authority, and the vacancy must be filled in accordance with the provisions of R.S. 40:1496(E).[1]
In light of the invalid appointment, a question has arisen concerning the validity of the actions or votes taken by this board member. Our response is predicated on jurisprudence recognizing a person in possession of and actually performing the duties of an administrative officer under color and right of title as an officer de facto. He has the reputation of being the officer he assumes to be and yet is not a valid officer in point of law. In Feinblum v. La. State Board ofOptometry Examiners, 97 So.2d 657 (La.App. 1st Cir. 1957), the court concluded that an appointment by the governor from an inappropriate list was made to a de jure office and the individual in question was a defacto officer. The court stated the acts of a de facto officer have legal effect until he is ousted.
Similarly, in Fakier v. Picou, 158 So.2d 285 (La.App. 1st Cir. 1963), the court stated even if a board was not constituted in strict compliance with the statute or ordinance, it nevertheless is a de facto board. The court observed this concept was introduced into law as a matter of policy to protect the interests of the public and individuals where those interests were involved in the official acts of persons exercising the duties of an officer without being a lawful officer. It was concluded the acts of an officer de facto are valid and effective where they concern the public or rights of third persons until his title to the office is adjudged insufficient.
Thus, this board member is considered as acting under color of title and is an officer de facto. His votes cast as such officer are valid insofar as the public or third parties are concerned.
Having said the foregoing, we feel it necessary to advise that the requirement that a candidate be a property owner has been the subject of litigation in Chappelle vs. Greater Baton Rouge Airport District,357 So.2d 824 (La.App. 1st Cir. 1978), and on remand from the United States Supreme Court, the court declared the property requirement of Act151 of 1969 to be unconstitutional, insofar as ownership of assessed property was a prerequisite to membership on the Board of Commissioners for the Greater Baton Rouge Airport District. The court instructed the parish governing authority to reappoint the illegally ousted board member to the first available position. See also Attorney General Opinion 83-379, wherein this office concluded that the statutory requirement then in effect that a justice of the peace be a freeholder was constitutionally suspect.
This office presumes the constitutionality of all statutes until such time as a court declares the statute to be unconstitutional. Currently, the board member here under review must be a property holder in order to retain the qualifications of office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 40:1496(E) provides:
E. Two of the initial members of the board shall hold office until one year from January first immediately succeeding their appointment and three members shall hold office until two years from January first immediately succeeding their appointment, the respective terms to be determined by lot. Thereafter, each member appointed shall serve for a term of two years. Members are eligible for reappointment. If a vacancy occurs, it shall be filled for the unexpired term by the body originally making the appointment so vacated.
OPINION NUMBER 89-173
April 17, 1989
90-A — POLITICAL SUBDIVISION LSA-R.S. 40:1496
Members of Board of Commissioners must only be resident homeowners in fire protection district and be liable for property taxes, whether or not they pay taxes, and need not be resident of municipality which appoints them.
Mr. Milton Baker, Chairman DeSoto Volunteer Fire District #5 Route 1, Box 422 Logansport, LA 71049
Dear Mr. Baker:
You have requested an opinion as to the meaning of different provisions of LSA-R.S. 40:1496B(2)(b) and 1496D, as they provide for the selection of members of the board of commissioners for fire protection districts.
Your first question regards the requirement of § 1496D that all members of the board must be "a resident property taxpayer." This does not require that a homeowner residing in the district who, by virtue of the homestead exemption, does not actually pay ad valorem taxes on his or her home, is not a taxpayer and ineligible for appointment. A taxpayer is one who either pays taxes or is liable for a tax, subject to a tax, as are all homeowners. A citizen who reduces his or her federal income tax liability to zero by means of lawful exemptions and deductions is nonetheless a federal "taxpayer."
In answer to your second question, there is no requirement in RS.40:1496B(2)(a) that the two members appointed by the municipality be residents of the municipality. It is only required that they be residents of the district itself. R.S. 40:1496D.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ Charles J. Yeager Assistant Attorney General
CJY:tm
OPINION NUMBER 83-379
May 3, 1983
57 — Justices of the Peace 77 — Officers 27 — Elections
Requirement that justice of the peace be freeholder is constitutionally suspect. R.S. 13:2581.1
Honorable James H. "Jim" Brown Secretary of State P.O. Box 44125 Baton Rouge, Louisiana 70804
Dear Mr. Brown:
In your letter of April 18, 1983, you requested an opinion regarding R.S. 13:2581.1. Specifically, you asked if the requirement that a justice of the peace own realty is constitutional.
Pursuant to R.S. 13:2581.1, the qualifications for the office of Justice of The Peace are as follows:
 Each justice of the peace shall be of good moral character, a freeholder, and a qualified elector, able to read and write the English language correctly. Each shall possess such other qualifications. as are provided by law.
Subject to the limitations set forth in either the State or Federal Constitutions, the legislature has the authority to prescribe qualifications for those who become candidates for public office. The requirement that a candidate be a freeholder has often been the subject of litigation. The court in Anderson v. City of Belle Glade,337 F. Supp. 1353, 1354 (S.D. Florida 1971), concluded that a city charter may not require a city commission candidate to be a freeholder. In Landes vs. Town of North Nempstead, 284 N.Y.S.2d 441, 443 (C.A. 1967), a candidate for councilman challenged a requirement that a holder-of an elected town office be a record owner of real property in the town. The court stated:
 Qualifications for office must have a rational basis, such as age, integrity, training or, perhaps, residence.
 The ownership of land, however, as a prerequisite, a condition precedent, to holding elective town office constitutes an `invidious discrimination' against nonlandowners, a sort of economic gerrymandering which runs afoul of the equal protection and due process clauses of both Federal and State Constitutions.
The Court recognized the requirement that such a classification must have a reasonable relation to the object sought, and concluded that no such reasonable relation existed. In Turner v. Fouche, 90 Sct. 532, 542 (1970), the Supreme Court considered a requirement that school board members be freeholders in order to qualify as candidates for the board. The court stated:
 While exluding the possibility that other circumstances might present themselves in which a property qualification for officeholding could survive constitutional scrutiny, we cannot say, on the record before us, that the present freeholder requirement for membership on the county board of education amounts to anything more than invidious discrimination.
The courts have consistantly recognized that the legislature cannot enact arbitrary exclusions from office. Absent a showing that the freeholder prerequisite is nondiscriminatory and has a reasonable relation to a legitimate state interest said prerequisite would be unconstitutional.
In conclusion, a statutory enactment is presumed constitutional until it is declared otherwise by a court competent jurisdiction. Even so, the requirement that a justice of the peace be a freeholder is constitionally suspect absent a showing that said requirement bear a reasonable relation to a legitimate state interest. The existence of such a state interest is questionable in light of the jurisprudence cited herein.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ CYNTHIA D. YOUNG Staff Attorney
CDY/crw