Dear Mr. Burkett:
This office is in receipt of the request you made for an Opinion from the Attorney General concerning LA.REV.STAT. § 33:3812(B). Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. DOES AN INDIVIDUAL WHO RESIDES IN A WATERWORKS DISTRICT AND WHO ISASSESSED WITH OWNERSHIP OF A MOBILE HOME ASSESSED AT A VALUE IN EXCESSOF FIVE HUNDRED DOLLARS ($500.00) AND LOCATED ON A RENTAL LOT MEET THEQUALIFICATIONS ENUMERATED IN LA.REV.STAT. § 33:3812(B) ?
This Department is of the opinion that an individual who resides in a waterworks district and who is assessed with ownership of a mobile home assessed at a value in excess of five hundred dollars ($500.00) and located on a rental lot does not meet the qualifications enumerated in LA.REV.STAT. § 33:3812(B). LA.REV.STAT. § 33:3812 pertinently provides:
 A. All waterworks districts created under the provisions of this Chapter shall be governed by a board of five members, to be known as waterworks commissioners, except that where the district includes one or more municipalities, as hereafter provided, the board shall consist of either eight or *Page 2 
nine members, depending upon whether the district includes one or more than one municipality.
 B. The members of the board shall be known as waterworks commissioners. Each shall be a resident of and assessed with not less than five hundred dollars worth of real estate in the district. . . .[1]
Accordingly, all waterworks district commissioners must be residents of their waterworks district and be assessed with not less than five hundred dollars ($500.00) worth of real estate in the district. The issues which consequently arise and require analysis, relative to the facts as you have presented them, are: (a) what is "real estate"; and (b) whether a "mobile home" falls within the definition of "real estate".
By way of background, the term "real estate", identified in Black's LawDictionary within the general principle of "property" and the more focalized concept of "real property", is defined as, "Land and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land. Real property can be either corporeal (soil and buildings) or incorporeal (easements)."[2]
In Louisiana, tracts of land, with their component parts, are defined as immovable property.[3] The components to tracts of land include buildings and other constructions permanently attached to the ground.[4]
Other things are considered permanently attached to a building or other construction if they cannot be removed without substantial damage to themselves or to the building or other construction or if, according to prevailing notions in society, they are considered to be its component parts.[5] *Page 3 
Corporeal movables, on the other hand, are things, whether animate or inanimate, that normally move or can be moved from one place to another.[6] The term "mobile home", specifically employed by you in your request, appears to be a corporeal movable because it is specifically defined in Louisiana as follows:
 (8) "Mobile home" means a factory-built, residential dwelling until built to voluntary standards prior to the passage of the National Manufacturing Housing Construction and Safety Standards Act of 1974. This term includes and is interchangeable with the term "house trailer", but does not include the term "manufactured home", as only manufactured homes are built to federal construction standards.[7]
Based upon their transportable nature, we are of the opinion that mobile homes are, without a declaration to the contrary, generally corporeal movables. Our opinion has been corroborated by the courts in Louisiana as mobile homes have actually been judicially recognized as being movables.[8] So it would appear as though the mobile home described by you (which is located on a rental lot — the mobile home's owner does not own the lot upon which the mobile home rests) would not generally be considered "real estate" for purposes of your inquiry because it: (a) is not an immovable; (b) does not appear to be permanently attached to the ground; and (c) may be severed from the land without injury to the land.
And while the following does not necessarily appear germane to your inquiry, we would be remiss if we did not advise you LA.REV.STAT. § 9:1149.4 provides:
 A. A manufactured home placed upon a lot or tract of land shall be an immoveable when there is recorded in the appropriate conveyance or mortgage records of the parish where the said lot or tract of land is situated an authentic act or a validly executed and acknowledged sale or mortgage or sale with mortgage which contains a description of the manufactured home as described in the certificate of title or manufacturer's certificate of origin and a description of the lot or tract of land upon which the manufactured home is placed, and contains a declaration by the owner of the manufactured home and, when applicable, the holder of a mortgage or security interest under Chapter 9 of the *Page 4 
Louisiana Commercial Laws on the manufactured home, that it shall remain permanently attached to the lot or tract of land described in the instrument.[9]
While LA.REV.STAT. § 9:1149.4 provides for the alteration of a manufactured home's legal status, and not that of a mobile home, it is of interest to note because the statute does provide for the legal status of a corporeal movable to be materially altered (to that of an immovable) by taking certain, affirmative steps.
In conclusion, we reiterate this Department is of the opinion that an individual who resides in a waterwork district and who is assessed with ownership of a mobile home assessed at a value in excess of five hundred dollars ($500.00) and located on a rental lot does not meet the qualifications enumerated in LA.REV.STAT. § 33:3812(B).
2. DOES THE LANGUAGE "REAL ESTATE" MEAN ONLY IMMOVABLE PROPERTY ORWOULD IT ALSO INCLUDE OTHER PERSONAL PROPERTY?
Please see our response to your first question.
3. LA.REV.STAT. § 33:3812(B)'s QUALIFICATION REQUIREMENTS CREATECONCERNS OVER THE STATUTE'S CONSTITUTIONAL PROPRIETY.
As stated previously, LA.REV.STAT. § 33:3812(B) requires the members of the board shall be residents of and assessed with not less than five hundred dollars ($500.00) worth of real estate in the waterworks district. Basically, in order to qualify to sit on the board of commissioners, candidates must reside in the district and own five hundred dollars ($500.00) worth of real estate in the district. As the caselaw cited below appears to suggest, the aforementioned real estate ownership requirement raises concerns about equal protection under the United States Constitution.
While we appreciate your instant request did not concern LA.REV.STAT. § 33:3812(B)'s constitutional propriety, we would be remiss if we did not, at the very least, raise this concern. To this end, we would refer you to the opinions handed down in Turner, et al. v. Fouche, et al.,396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970), E.C. Chappelle, Jr.v. The Greater Baton Rouge Airport District, et al., 357 So.2d 824
(La.App. 1978), and Kruger, et al. v. The Garden District Association, etal., 2000-1135 (La.App. 4 Cir. 1/17/01); 779 So.2d 986. The Turner
decision, in particular, stands for the proposition that requiring real estate ownership as a prerequisite to membership on a governmental board or commission may create invidious discrimination.[10] A review of theKruger decision and, more importantly, the subsequent modification of the contested statute *Page 5 
may also offer further insight.[11] We do not go so far as to presume LA.REV.STAT. § 33:3812(B)'s inclusion of the real estate ownership requirement would not survive constitutional scrutiny (under a compelling state interest or rational basis examination); we simply raise our concerns for your consideration.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 __________________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY
[1] LA.REV.STAT. § 33:3812(A) and (B).
[2] Black's Law Dictionary, 1292, referring to 1254 (8th ed. 1999).
[3] LA. CIV. CODE art. 462.
[4] LA. CIV. CODE art. 463.
[5] LA. CIV. CODE art. 466.
[6] LA. CIV. CODE art. 471.
[7] LA.REV.STAT. § 51:911.22(8). While this definition is intended for use in connection with Louisiana's laws on Trade and Commerce, the definition nevertheless proves instructive in the present context.
[8] Kirkpatrick, et ux. v. BankAmerica Housing Services, A Division ofBank of America, FSB and Greenpoint Credit, L.L.C., 34-692 (La.App. 2 Cir. 11/2/01) 799 So.2d 831, 834.
[9] LA.REV.STAT. § 9:1149.4.
[10] Turner, et al. v. Fouche, et al., 396 U.S. 346, 364, 90 S.Ct. 532,542, 24 L.Ed.2d 567 (1970).
[11] Act No. 104 of the First Extraordinary Session of 2002 amended LA.REV.STAT. § 33:9092(D)(2) by eliminating a real estate ownership requirement.