IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 37109 & 37110

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 720 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 30, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANDY BROWN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgments of conviction for possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Randy Brown appeals from his judgments of conviction in two cases for possession of methamphetamine. He pled guilty in both cases but reserved his right to appeal the district court's denial of his motion to dismiss. On appeal, Brown asserts that the district court erred in denying the motion to dismiss because he has a constitutional right to possess controlled substances in his own home. Specifically, he argues that he has a substantive due process right to possess methamphetamine and that I.C. § 37-2732, which prohibits possession of methamphetamine, is unconstitutional.

The constitutionality of a statute is a question of law which this Court reviews de novo. The party challenging the constitutionality of a statute must overcome a strong presumption of validity. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001); *State v. Cobb,* 132 Idaho

1

195, 197, 969 P.2d 244, 246 (1998). Our Idaho Supreme Court has rejected a challenge to a statute which classified cocaine as a narcotic for regulatory and penalty purposes, holding: "At the outset we reject defendant's contention that possession of cocaine is a fundamental right." *State v. Cianelli*, 101 Idaho 313, 314, 612 P.2d 550, 551 (1980). We see no reason to treat methamphetamine differently from cocaine for purposes of a substantive due process analysis. Thus, we hold that there is no fundamental right to possess methamphetamine. Legislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a clear showing of arbitrariness and irrationality. *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir.1994); *State v. Bennett*, 142 Idaho 166, 169, 125 P.3d 522, 525 (2005). Here, Brown has not shown (or even argued) that regulation of methamphetamine by the state is arbitrary or that it bears no rational relationship to a reasonable governmental interest. We rule, therefore, that I.C. § 37-2732 has not been shown to be unconstitutional on substantive due process grounds and that the district court did not commit error by denying Brown's motion to dismiss. Accordingly, Brown's judgments of conviction for possession of methamphetamine are affirmed.