92 P.3d 551

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert B. DIXON, Defendant–Appellant.**

Nos. 29262, 29263.

Court of Appeals of Idaho.

March 5, 2004.

Review Denied June 18, 2004.

Molly J. Huskey, State Appellate Public Defender; Justin Michael Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Robert B. Dixon appeals from his judgments of conviction for six counts of burgla-

ry, one count of grand theft, and one count of possession of methamphetamine. He contends, among other things, that the burglary and theft charges should have been dismissed because the information charging these offenses was not timely filed. We affirm.

# I.

## FACTUAL & PROCEDURAL BACKGROUND

This is a consolidated appeal in which Dixon challenges his judgments of conviction and sentences in two cases. In the first case, Dixon was charged with seven counts of burglary, Idaho Code § 18–1401, and one count of grand theft, I.C. §§ 18–2403(1), – 2407(1)(b), with a sentence enhancement for being a persistent violator, I.C. § 19–2514. The parties stipulated to a bifurcation of the charges for trial, and Dixon went to a jury trial for three of the burglaries. The jury found him guilty of two of those charges and acquitted him of the third. Dixon then proceeded to a court trial on the remaining counts. He was found guilty of the remaining burglaries and the grand theft. Dixon admitted to having been convicted of previous felonies, satisfying the requirements for application of the persistent violator enhancement. The district court imposed concurrent life sentences with ten years determinate on all of these charges.

In the second case, Dixon was charged with possession of methamphetamine, I.C. § 37–2732(c)(1), and was found guilty by a jury. He was sentenced to a unified term of seven years with five years determinate, to run concurrent with the sentences in the first case.

On appeal, Dixon contends that the charges in the first case should have been dismissed because the prosecutor did not timely file the information and that certain evidence was improperly admitted at his court trial. In the methamphetamine case, he argues that the State did not prove that he knowingly possessed methamphetamine. In both cases he contends that his sentences are excessive.

# II.

## ANALYSIS

### A. Untimely Filing of Information

The information charging Dixon with burglary and grand theft was filed twenty-one days after the magistrate's order binding Dixon over to the district court. Dixon moved to dismiss the information because it was not filed within fourteen days of the magistrate's order, as required by Idaho Criminal Rule 7(f). The reason given by the State for the delay was a clerical oversight in getting the appropriate paperwork completed and filed. The district court denied Dixon's motion, concluding that Dixon had suffered no prejudice as a result of the delay.

The time limit for the filing of a criminal information is specified in I.C.R. 7(f) as follows:

The prosecuting attorney must file an information within fourteen (14) days after an order has been filed by the magistrate in the district court holding the defendant to answer, unless more time is granted by the court for good cause shown.

Dixon brought his motion to dismiss pursuant to I.C.R. 48(a)(1), which provides:

(a) Dismissal on Motion and Notice. The court, on notice to all parties, may dismiss a criminal action upon its own motion or upon motion of any party upon either of the following grounds:

(1) For unnecessary delay in presenting the charge to the grand jury or if an information is not filed within the time period prescribed by Rule 7(f) of these rules, or for unnecessary delay in bringing the defendant to trial, ...

I.C.R. 48(a)(1). Rule 48(a) uses the permissive term "may dismiss" rather than a mandatory "shall dismiss" and therefore we view the dismissal motion in this case to have been subject to the trial court's discretion. *See State v. Dudley,* 104 Idaho 849, 851, 664 P.2d 277, 279 (Ct.App.1983). We also consider the directive of I.C.R. 2(a) that: "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in

procedure, fairness in administration and elimination of unjustifiable expense and delay." Given these provisions of the criminal rules, the factors that may be considered in evaluating an I.C.R. 48(a)(1) motion include whether the interests of justice, efficiency and effective administration of the court's business will be served by dismissal of the criminal action and the effect that dismissal would have on the parties' expense, as well as overall delay.

■ Here, the prosecution exceeded the time limit for filing the information by only seven days. Dixon does not contend that the prosecution's delay was intentional or calculated to gain some advantage for the State or to prejudice Dixon's defense. Nor has Dixon shown any error in the district court's finding that he was not prejudiced by the delay. Therefore, he has not demonstrated that the interest of justice called for dismissal. In addition, we note that Rule 48(c) provides that a dismissal does not bar subsequent prosecution for the same offense if it is a felony; and the prosecutor in Dixon's case informed the court that if the dismissal motion were granted, he intended to refile immediately. Therefore, dismissal of the charge would have disserved other interests identified in Rule 2(a) by increasing expense and delay and adding complexity and inefficiency in the overall handling of the charges. In short, granting the motion would have caused additional delay and expense while giving no meaningful advantage to Dixon.

Rule 7(f) is not intended to present a defendant with a windfall as a result of a prosecutor's oversight. Rather, it provides the prosecution with a standard to meet for the timely prosecution of criminal cases. Although in appropriate circumstances a violation of Rule 7(f) could lead to dismissal of a case, such circumstances are not shown to exist here. We hold that the district court did not abuse its discretion in refusing to dismiss the information.

## B. Rule 404(b) Testimony

■ One of the burglaries with which Dixon was charged was the burglary of a home belonging to Susan Graves. He was tried for and found guilty of this burglary in the jury trial. In the subsequent court trial on the remaining burglary and grand theft charges, the prosecution presented Susan Graves's testimony regarding her observation of Dixon at her home on the day of the burglary. Dixon contends that this constituted evidence of other bad acts made inadmissible by Idaho Rule of Evidence 404(b).[1]

Graves's home was burglarized on the morning of February 19, 2002. Approximately eight to ten hours earlier, two other burglaries took place at residences within three blocks of Graves's home. The court trial addressed the burglaries of the neighbors. At the court trial, over defense objection, the district court allowed Graves's testimony that at about 12:30 p.m. on February 19, she came home and found her front door open. After Graves had entered the house, Dixon rang the doorbell. Graves testified that Dixon said he was there because "he had seen this kid go in my house and he chased him out." After her conversation with Dixon, Graves said, she checked the interior of her house and discovered it had been burglarized.

■ We first address the State's contention that this evidence did not fall within the scope of I.R.E. 404(b) because it was not evidence that Dixon committed other crimes or wrongs. The State argues that this was merely circumstantial evidence putting Dixon close to the scene of the neighbors' burglaries near the time of the offenses. We view this argument with some skepticism, for if the State sought only to show that Dixon was present in the neighborhood near the time of the other burglaries, there was no need to include in Graves's testimony her discovery that her own home had been burglarized. It

1. Rule 404(b) provides:
    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

appears that the State wished the trial court to infer that Dixon committed the burglary at Graves's house as well as the other neighborhood burglaries for which he was on trial. Therefore we will analyze the testimony as bad act evidence.

A two-tiered analysis is used to determine the admissibility of evidence concerning other crimes, wrongs or acts. The trial court must determine whether the evidence is relevant for a purpose other than that prohibited by Rule 404(b), and if so, the court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *State v. Dragoman*, 130 Idaho 537, 544, 944 P.2d 134, 142 (Ct.App.1997).

The initial question of relevance is one of law over which we exercise free review. *State v. Hairston*, 133 Idaho 496, 502, 988 P.2d 1170, 1176 (1999). Here, Graves's testimony showing that Dixon was in the vicinity of the burglaries on the date they occurred is clearly relevant. It showed that he had the opportunity to commit those crimes and contributes to identifying Graves as the perpetrator.

Where the evidence is relevant under I.R.E. 404(b), it may still be excluded if the trial court determines, in its discretion, that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. I.R.E. 403; *State v. Cannady*, 137 Idaho 67, 72, 44 P.3d 1122, 1127 (2002); *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991); *State v. Martin*, 118 Idaho 334, 336, 796 P.2d 1007, 1009 (1990). That decision will not be disturbed on appeal unless the trial court's discretion has been abused. *State v. Arledge*, 119 Idaho 584, 588, 808 P.2d 1329, 1333 (Ct.App.1991). The district court here, after considering both relevance and potential prejudice, admitted the evidence. We see no abuse of discretion in the district court's determination.

### C. Sufficiency of the Evidence of Methamphetamine Possession

Dixon next contends that the State did not produce sufficient evidence to sup-

port his conviction for possession of methamphetamine because there was no evidence that Dixon actually knew that the substance was methamphetamine.

To prove a charge of possession of methamphetamine in violation of I.C. § 37–2732(c)(1), the State must show that the defendant knew that the substance was methamphetamine. *State v. Blake*, 133 Idaho 237, 242, 985 P.2d 117, 122 (1999). However, this element may be proved by circumstantial evidence. *State v. Groce*, 133 Idaho 144, 151–52, 983 P.2d 217, 224–25 (Ct.App. 1999); *State v. Rozajewski*, 130 Idaho 644, 647, 945 P.2d 1390, 1393 (Ct.App.1997). Here, the State's evidence showed that a police officer found a glass cylinder with a teardrop bottom in Dixon's left outside coat pocket. The officer saw a brown residue in the bottom of the teardrop and believed the cylinder to be drug paraphernalia. Also found on Dixon's person was a blue lighter. A detective testified that methamphetamine is commonly used by placing a small amount of the drug in a pipe, warming the pipe up with a lighter, and inhaling, or that it can be injected by using a hypodermic needle. He also testified that the insides of both of Dixon's elbows had needle marks. A criminologist testified that the residue in the pipe was methamphetamine. This evidence was sufficient for a reasonable fact finder to conclude that Dixon knew that the substance he possessed was methamphetamine.

### D. Sentences

Lastly, Dixon argues that the district court abused its discretion in imposing a unified seven-year sentence with five years determinate on the possession of methamphetamine charge, and concurrent life sentences with ten years determinate for the grand theft and burglary charges. When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of

protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ.

In the burglary and theft case, Dixon was subject to a sentence enhancement for being a persistent violator, I.C. § 19–2514. He had a long history of criminal behavior, beginning as a juvenile. His juvenile record includes batteries, arson and malicious injury to property. As an adult, prior to the present offenses, he had been convicted of two felonies and several misdemeanors. In light of this criminal record, and in view of the number and severity of the offenses for which he was sentenced in the current cases, we cannot say that the sentences imposed represent an abuse of discretion.

### III.

### CONCLUSION

The district court did not err in denying Dixon's motion to dismiss or in admitting Graves's testimony at the bench trial, and the evidence was sufficient to support Dixon's conviction of possession of methamphetamine. The sentences imposed are not excessive. Therefore, the judgments of conviction and sentences are affirmed.

Judge PERRY and Judge GUTIERREZ concur.