IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39602

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 329 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSUE R. HERNANDEZ, aka JOSH HERNANDEZ, | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for felony operating a motor vehicle while under the influence of alcohol, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Josue R. Hernandez appeals from his judgment of conviction for felony operating a motor vehicle while under the influence of alcohol (DUI), Idaho Code §§ 18-8004, 18-8005. Specifically, Hernandez contends the district court erred by denying Hernandez's motion to dismiss the felony charge and motion to accept Hernandez's guilty plea to misdemeanor DUI. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Hernandez was cited for misdemeanor DUI, driving without privileges, and possessing an open container of alcohol. Hernandez appeared for arraignment and attempted to file a written guilty plea to the misdemeanor DUI before the district court clerk, apparently in reliance on his understanding of Idaho Misdemeanor Criminal Rule 6. Instead, the clerk of the district court

provided Hernandez with an intent to plead guilty form, which Hernandez signed. Before trial, the State properly filed a motion to amend its charge to felony DUI, pursuant to Idaho Criminal Rule 7(e). The district court granted the State's motion to amend its charge from misdemeanor DUI to felony DUI. Hernandez moved to dismiss the felony DUI charge and moved the district court to accept his guilty plea to the misdemeanor DUI charge. The district court denied the motions. Hernandez entered a conditional guilty plea to felony DUI,[1] reserving his right to appeal the court's denial of his motion to dismiss and motion to accept his guilty plea to the misdemeanor. Hernandez timely appeals.

## II.

## ANALYSIS

Hernandez alleges the district court abused its discretion by denying his motion to dismiss the felony charge and motion to accept his guilty plea to misdemeanor DUI. "This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion." *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012) (citing I.C.R. 48(a); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004)). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Hernandez's arguments are predicated on his belief that he should have been allowed to enter a written guilty plea as requested prior to the State's motion having been granted to amend the charge to a felony. Mindful that the Idaho Misdemeanor Criminal Rules prohibit the entry of a written guilty plea to a misdemeanor DUI before the clerk of the court, Hernandez argues the district court failed to properly accept his written guilty plea to the misdemeanor DUI, relying on Idaho Misdemeanor Criminal Rule 6. The right to enter a misdemeanor plea before the clerk of

---

[1]     The remaining charges were dismissed.

the court is governed by Rule 6(a).[2]  That right is subject to the clerk's authority to accept guilty pleas as set forth in Idaho Misdemeanor Criminal Rule 14.  Rule 14 does not allow for a clerk to accept a guilty plea to a misdemeanor DUI.[3]

Thus, the district court did not abuse its discretion by denying Hernandez's motions. Hernandez's judgment and conviction, as well as the district court's order denying Hernandez's motion to dismiss the felony charge and motion to accept Hernandez's guilty plea to misdemeanor DUI, are affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

---

[2] Idaho Misdemeanor Criminal Rule 6(a)(3) provides in relevant part:

> If the defendant desires to enter a plea of guilty to a misdemeanor citation, *and if the clerk is authorized to accept such a plea and fine under Rule 14*, the clerk shall accept the plea of guilty by having the defendant sign a written plea of guilty on the face of the court's copy of the citation and collect the fine and court costs as provided by Rule 14.

(Emphasis added.)

[3] Idaho Misdemeanor Criminal Rule 14(b)(1) limits the clerk's authority to accept a written guilty plea to motor vehicle offenses where the required bail bond does not exceed $271.00.  The required bail bond for a misdemeanor DUI charge exceeds that amount.  I.M.C.R. 13.