**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45870/45871**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>**DAVID JOSEPH MYERS,**<br><br>       **Defendant-Appellant.** | )<br>)  **Filed:  September 6, 2019**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order of the district court dismissing case without prejudice, <u>affirmed</u>.

McCarthy Law, PLLC; Gabriel McCarthy, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

David Joseph Myers appeals from the district court's order dismissing consolidated cases without prejudice. Myers argues that the district court abused its discretion in granting the State's motion to dismiss. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In consolidated cases, Myers was charged with attempted strangulation (Idaho Code § 18-923); domestic battery with a traumatic injury (I.C. §§ 18-903(a) and 18-918(2)); second degree kidnapping (I.C. § 18-4503); two counts of aggravated assault (I.C. §§ 18-901 and 18-905); and two counts of use of a deadly weapon in the commission of a crime (I.C. § 19-2520) for events involving A.K. On December 11, 2017, a pretrial conference was held in which both parties indicated that the cases would likely proceed to trial. Thereafter, the district court set a trial date of January 23, 2018.

1

On the morning of the date set for trial, the State moved to dismiss both cases because the whereabouts of the State's main witness were unknown. Myers objected to a dismissal without prejudice and asked the district court to either proceed to trial without a jury, or reset the trial to a later date within the speedy trial limitations. However, the district court dismissed the charges without prejudice. Myers timely appeals.

## II.

## STANDARD OF REVIEW

The granting or denial of a motion to dismiss is reviewed for an abuse of discretion. *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## II.

## ANALYSIS

Myers argues that the district court abused its discretion by dismissing the consolidated cases without prejudice. Idaho Code § 19-3504 and Idaho Criminal Rule 48 both provide that it is within the district court's discretion to dismiss a criminal action in certain circumstances. Idaho Code § 19-3504 provides that the court may dismiss a criminal action if it determines it is in the "furtherance of justice." Similarly, I.C.R. 48 provides that the district court may dismiss a criminal action if the court determines that the dismissal will "serve the ends of justice and the effective administration of the court's business." I.C.R. 48(a)(2).

In this case, on the morning set for trial, the district court began proceedings by explaining:

| | |
|---|---|
| Court: | I was advised that this was going to be a change of plea or a dismissal. |
| Defense: | Your Honor, I haven't seen that court filing. I checked Odyssey. Today is set for a jury trial. |
| Court: | My clerk advised me that it was going to be a change of plea or dismissal. |
| Defense: | We have never indicated whatsoever that it would be a change of plea. The state contacted me last week and informed me that their |

2

> main witness's whereabouts is unknown. We object to a dismissal. And I did inform the state that we would object to a dismissal.

In response to Myers' objections, the prosecution explained,

> The state is going to be moving to dismiss both cases today.
>
> As [Myers' counsel] indicated the victim in this case she was in custody with the Department of Corrections for most of the pendency of this case until about three weeks ago at which point she was released to sober living. She was instructed to live there and to remain there to check in and out. She checked out the same day she checked in and disappeared.
>
> A warrant is now outstanding, an agent's warrant I believe from the Department of Corrections, for her noncompliance with parole. We've done all we can to try and contact her. We've been in contact with her mother. Her mother has contact with the victim in this case, but even she won't tell her mother where she's at because she knows if she's picked up she's going back to prison, and she doesn't want that to happen.
>
> When it became apparent to me that we weren't going to be able to find her in time for trial, I contacted [Myers' counsel] and offered what I believe was a good offer in this case and let him know that if she isn't picked back up we would be dismissing the case, and we would move forward again if she's picked up in the future whenever that happens.
>
> He rejected that offer. I believe I got an email from him Friday, and that brings us to today, Judge.

After hearing argument from the State, Myers requested that the parties either proceed to jury trial, proceed to trial without a jury, or reset the trial to a later date within speedy trial limitations. The district court explained that the court had not summoned a jury for the day based on the information that it had received, and thus the case would not proceed to jury trial. Additionally, the court denied Myers' request for a bench trial because the State's main witness was not present. Thereafter, the district court explained,

> It seems to me just continuing with speedy trial--I'm not sure when the speedy trial is in this case, but we're at least four months into it if not five, so we're within 30 days of speedy trial.
>
> I think the cleanest way is to have the state simply move to dismiss without prejudice in both of these cases.

After the court noted Myers' objection, it ordered dismissal of Myers' cases without prejudice.[1]

Based on that exchange, Myers argues that the district court abused its discretion in granting the State's motion to dismiss because the district court had already decided to dismiss

---

[1] The district court did not specify whether dismissal was premised on Idaho Code § 19-3504 or Idaho Criminal Rule 48. Regardless, Myers only challenges the district court's dismissal pursuant to I.C.R. 48. Thus, our review of the district court's dismissal is limited to I.C.R. 48.

Myers' cases without inquiry from the defense and the State failed to subpoena the witness. Myers requests that this Court remand to the district court with instruction to enter a dismissal with prejudice. We are not persuaded by Myers' argument.

We conclude that the district court did not abuse its discretion by dismissing Myers' cases without prejudice. Moreover, the remedy that Myers seeks is contrary to the plain language of I.C.R. 48. First, I.C.R. 48 specifies that a court "may" dismiss a case "for any [] reason" if dismissal "will serve the ends of justice and the effective administration of the court's business." As set forth above, the record indicates that the district court considered the arguments presented by the parties and exercised reason in granting the State's motion to dismiss the cases without prejudice. The district court chose not to require the State to go to trial without its main witness. In addition, the court considered Myers' request to have the trial reset within speedy trial limitations but concluded that it would not be feasible given that the witness's whereabouts were unknown and the speedy trial deadline was fast approaching. The court explained that if the case was dismissed that would allow the defendant to be released. Moreover, as part of the court's order, it was strongly suggested that if the State refiled the case, Myers was not to be held on a substantial bond. Therefore, the decision to dismiss the cases served the ends of justice and the effective administration of the court's business. Ultimately, the district court considered a variety of options and made its decision through an exercise of reason.[2]

Second, Myers' request that this Court remand with instruction to enter a dismissal with prejudice is contrary to the plain language of I.C.R. 48. I.C.R. 48 states, "[a]n order for dismissal is a bar to any other prosecution for the same offense if it is a misdemeanor . . . . but it is not a bar if the offense is a felony." I.C.R. 48(c). Thus, I.C.R. 48 contemplates that a dismissal of a felony offense will be without prejudice and the district court did not err by

---

[2]     In support of his argument, Myers cites to cases in which Idaho appellate courts have permitted the district court to dismiss and the State to refile criminal charges. Myers argues that although it was allowed in those cases, "none of th[o]se cases approach the facts of this case . . . ." However, the cases Myers uses to support his argument are instances in which a party argued a violation of due process or speedy trial based on the district court dismissing charges and the State refiling those charges. Here, Myers does not argue that his rights to due process or speedy trial have been violated. Moreover, we are not presented with a situation in which the State has refiled the charges.

4

following the express language of I.C.R. 48.  Therefore, we conclude that the district court did not abuse its discretion in dismissing Myers' cases without prejudice.

## III.

## CONCLUSION

The district court did not abuse its discretion in granting the State's motion to dismiss without prejudice.  Accordingly, the district court's order to dismiss Myers' cases is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.