**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51566**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 10, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STEPHEN DOUGLAS VANCE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of dismissal without prejudice for vehicular manslaughter, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Stephen Douglas Vance appeals from the judgment of dismissal without prejudice for vehicular manslaughter. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Vance was charged with felony vehicular manslaughter. The day before trial, the State filed a motion to amend its witness list to include two experts. Vance objected to the late disclosure, arguing that it prejudiced his ability to adequately prepare a defense. The district court denied the State's motion to amend the expert testimony list, finding that the motion did not comply with I.C.R. 16(b)(7) and 16(j), which govern timely expert disclosures. The district court

1

then held a side-bar discussion regarding how to proceed. The State requested that the case be dismissed without prejudice, while Vance argued for the case to be dismissed with prejudice.

After hearing both parties' arguments, the district court granted the State's motion to dismiss the case without prejudice. In doing so, the district court found that the State's failures with respect to expert disclosures were not the result of bad faith but, rather, inadvertence and inexperience. The district court emphasized that dismissal without prejudice would best serve the ends of justice and allow the case to proceed, rather than risk an unfair trial or an outcome that denied the victim's family the opportunity for justice. Vance appeals.

## II.

## STANDARD OF REVIEW

A ruling on a motion to dismiss under I.C.R. 48 is reviewed for an abuse of discretion. *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Vance asserts that the district court abused its discretion by dismissing his case without prejudice rather than with prejudice. Specifically, Vance argues that the district court erred in accepting the State's justification because the proffered justification was not supported by the evidence. The State responds that Vance has failed to show the district court abused its discretion. We hold that Vance has failed to demonstrate the district court abused its discretion by granting the State's motion to dismiss without prejudice.

Idaho Criminal Rule 48(a)(2) authorizes dismissal of a criminal case if the trial court concludes that dismissal will serve the ends of justice and the effective administration of the trial court's business. Although an order of dismissal precludes refiling if the charge is a misdemeanor,

an order of dismissal does not bar further prosecution if the charged offense is a felony. I.C.R. 48(c).

Shortly before trial, the parties notified the district court of a dispute with respect to discovery. Following the request of the parties during a sidebar, the district court scheduled a hearing for an anticipated motion to dismiss, acknowledging in advance that the parties disagreed on whether the case should be dismissed with or without prejudice. Prior to the hearing, Vance filed a motion describing his view of the State's late expert disclosures and asking the district court to exclude "any testimony, including testimony from law enforcement officers, in the areas of accident reconstruction/causation and blood alcohol content and its correlation to impairment." On the day set for hearing, the prosecutor made a record of the course of proceedings to date, including that he inherited the case from a prosecutor who left the office and that there were efforts to mediate the case with a "hope" and "belief based on [the State's] understanding of where the parties were that [they] could potentially reach a resolution. . . . And that didn't happen."[1] The prosecutor also made the following representations with respect to the untimely disclosures:

> So, in the interest of justice, [Vance] has the right to a fair trial. And [he has] a right to--to know what our evidence is going to be and not to be blindsided by it.
>
> I will never--I will never try to use timing or to force somebody into a hearing or a trial with them not having the benefit of full disclosure.
>
> That--that is just simply not something that we would ever try to weaponize or use as a tool to the advantage of the State.
>
> . . . .
>
> So, if we've made a mistake as to disclosure, we'll take the sanction. If that means it limits the amount of testimony or the nature of the testimony or it means that there is, you know, something that's--that's going to create a benefit to [Vance], well, we have to live with that.
>
> But, on the other hand, at the end of the day, the system is not built to give unfair advantages to either side. And so we would ask that we remediate those issues.
>
> And that's always been our preference, is that, if we--if push comes to shove, we'll go forward. But, if we can remediate, we'll remediate.

---

[1] The record also includes a mediation status report dated January 19, 2024, (one business day prior to trial), which notes the parties were at an impasse and that there was an "in limine" issue.

Additionally, the prosecutor noted there were pretrial concessions the State made to accommodate Vance's requests for continuances. In response, Vance argued that, for the majority of time the case was pending, he "was dealing with the then chief deputy prosecutor" and they "had negotiations" during which the prosecutor was cooperative while Vance was trying to put himself in a "position to possibly avoid that trial." Then the chief deputy prosecutor left and the new prosecutor did not want to agree to additional continuances. Vance also outlined his trial preparation and his reliance on the State's discovery disclosures and his objections to the State's motion to amend its witness and exhibit lists the day prior to trial. Finally, Vance argued that the district court needed to "look between the lines" for bad faith.

Following the parties' arguments, the district court delivered a lengthy oral ruling from the bench, dismissing the case without prejudice rather than with prejudice. The district court also issued a written decision memorializing its oral ruling. In its written decision, the district court reasoned:

> The State's delay was the inadvertent result of (a) staffing issues in the prosecutor's office, (b) staff's inexperience with expert witness disclosure requirements under the rules of discovery, and (c) an unfortunate emphasis upon the unsuccessful mediation conducted the Friday before the Monday trial. Had the State realized its disclosure oversight at the December pretrial conference, the Court suspects it would not have objected to Vance's request for a continuance. As such, the Court cannot find the State's delay is attributable to bad faith.
>
> The collision at issue in this case resulted in the death of Juan Silerio. Both counsel emphasized the seriousness and complicated nature of a case involving the loss of life and the cause of death. The interests of justice, favor adjudication of the charges on the merits.
>
> Dismissal without prejudice will permit Vance to prepare rebuttal experts in the event the State refiles charges and discloses proposed expert witness testimony. While dismissal without prejudice will result in delay, the Court notes that Vance has himself sought and/or stipulated to multiple continuances and has waived his right to a speedy trial. In light of Vance's repeated requests for continuances, the Court does not find additional delay by dismissal to significantly inhibit the ends of justice or the Court's effective administration. [Vance] has been out of custody pending resolution of the matter since November 28, 2022.
>
> The Court concludes that dismissal without prejudice serves the ends of justice and the effective administration of the Court's business under Rule 48(a)(2).

Pursuant to I.C.R 48(a)(2), the district court has the authority to dismiss a case with prejudice if the "court concludes that dismissal will serve the ends of justice and the effective administration of the court's business." The district court's decision reflects its consideration of

4

the interests of justice and its conclusion that dismissal without prejudice would avoid depriving the victim's family of any opportunity for justice while still protecting Vance's rights to prepare for trial. The district court also imposed sanctions on the prosecutor's office for its discovery violation, balancing accountability with fairness in future proceedings.

Neither party has cited to any authority which address a trial court's choice to impose dismissal with or without prejudice for a discovery violation. Criminal trial courts possess the inherent authority to impose such a sanction and have used it as a remedy of last resort. *See Commonwealth v. Edwards*, 198 N.E.3d 740, 750-51 (Mass. 2022) (holding that dismissal with prejudice for a discovery violation should be used as a remedy of last resort only for the most intolerable government conduct). If evidence is destroyed by the State and such evidence had significant evidentiary value to the defendant, dismissal with prejudice may be the only means by which to protect a defendant's right to a fair trial. *See Colorado v. Eason*, 516 P.3d 546, 555-56 (Colo. App. 2022) (holding due process is violated if the State suppresses or destroys evidence with apparent exculpatory value before its destruction and no reasonable means exist to obtain comparable evidence). When any resulting prejudice from a discovery violation can be cured by alternative remedies, dismissal with prejudice is unwarranted. *See id.* (holding that, in the event of a discovery violation, dismissal is inappropriate if any prejudice can be cured by a lesser sanction).

In such instances, dismissal without prejudice allows the State to correct any systemic issues that contributed to the violation and, if appropriate, refile charges--thereby preserving both the defendant's due process rights and the public's interest in the fair prosecution of criminal cases. *See Florida v. Guzman*, 667 So. 2d 989, 990-91 (Fla. Dist. Ct. App. 1996) (holding that dismissal is limited to cases where no other sanction can cure the prejudice, as it otherwise unfairly punishes the public and grants the defendant an undeserved windfall, contrary to the rule's purpose of avoiding a procedural escape from justice when the violation hasn't irreparably harmed the defense). These courts consistently emphasize that dismissal with prejudice is an extreme remedy, appropriate only in extraordinary circumstances--typically where the State has acted in bad faith and/or where the prejudice to the defendant's right to a fair trial cannot be remedied by lesser means such as a continuance or narrowly tailored sanctions.

In this case, these principles weigh against dismissal with prejudice. The record shows that, although the State's disclosure was untimely, the district court mitigated any resulting harm by granting a dismissal without prejudice for the case to be retried, thereby preserving Vance's ability to prepare a defense. There is no indication of bad faith or willful misconduct by the prosecution, nor was there evidence that the delay caused irreparable prejudice to the fairness of the trial.

Vance argues that the district court erred because its finding that the delayed disclosure was not attributable to bad faith was not supported by substantial evidence. As part of this argument, Vance contends there was no basis for concluding the prosecutor's office suffered from staffing issues or inexperience that impacted the ability to comply with discovery obligations. We are unpersuaded that any of Vance's arguments demonstrate an abuse of discretion by the district court. The discussion regarding whether to dismiss the case with or without prejudice was based entirely upon the arguments of the parties rather than the presentation of evidence. Vance has failed to cite any authority for the proposition that a district court may not accept the *arguments* of the parties in deciding a motion to dismiss rather than requiring the presentation of evidence. Nor was it error for the district court to rely, in part, on staffing shortages in the prosecutor's office, particularly when Vance did not object to or dispute that point before the district court. Even assuming error in the conclusion that the discovery violation was the result of inexperience, any such error does not demonstrate an abuse of discretion in this case. The record shows that the district court recognized the decision whether to dismiss with or without prejudice was discretionary and the interests of justice legal standard. The district court explained why the interests of justice did not warrant dismissal with prejudice; Vance's complaints regarding staffing and inexperience do not require a different result.

The district court acted within its discretion by dismissing the case without prejudice and sanctioning the prosecutor's office. Dismissal with prejudice would have been inconsistent with the well-established requirement that courts impose the least severe remedy necessary to protect the defendant's rights and ensure the integrity of the proceedings.

## IV.
## CONCLUSION

Vance has failed to show that the district court abused its discretion when it dismissed the case without prejudice rather than with prejudice. Accordingly, the district court's judgment of dismissal without prejudice for vehicular manslaughter is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.